UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JARROD MARTIN,                              )
                                            )
        Petitioner,                         )
                                            )
v.                                          )   No.  2:14-CV-197-JRG-MCLC
                                            )
BARRY P. STAUBUS and WAIN [sic]             )
ANDERSON,                                   )
                                            )
        Respondents.                        )

**MEMORANDUM AND ORDER**

Acting pro se, Jarrod Martin ("Petitioner"), filed a Notice of Removal, seeking to remove his state criminal prosecution to this Court [Doc. 1]. Petitioner's motion for leave to proceed without prepayment of the filing fee of $350.00 [Doc. 4] is **GRANTED**. For the reasons which follow, the Court has determined that the removal of Petitioner's state criminal proceedings was improper under the applicable removal statutes, *see* 28 U.S.C. § 1443(1) and § 1455, and the Court lacks jurisdiction over Petitioner's case because Petitioner's removal petition is moot.

**I.      Background**

In his Removal Notice, Petitioner maintains that Terry Jordan of the Sullivan County Public Defender's Office, who represents him Sullivan County Criminal Court Case No. S60,552, refused to file various motions Petitioner proposed that he file, advising Petitioner that the motions were frivolous. Petitioner next maintains that the trial judge consented to Public Defender Jordan's refusal to file the motions in question and the trial judge, thereby, was complicit in conduct that Petitioner regards as instances of ineffective assistance of counsel and as a denial of due process. Multiple allegations follow, which purport to show that Petitioner's

rights to proper extradition proceedings, a fair trial, to be free from excessive bail,[1] and to an impartial, unbiased judicial officer were violated in the course of those state criminal judicial proceedings. The grounds for relief in the Removal Notice consist of a farrago of habeas corpus law, legal theories, and this single generic sentence: "The petitioner has been denied and cannot enforce a civil right in the state court" [Doc. 1 ¶ I].

## II. Law and Analysis

As relevant here, removal of a state criminal prosecution to a federal district court is allowed, but only where the removal petitioner "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" 28 U.S.C. § 1443(1). The right allegedly being denied to a removal petitioner must "arise[ ] under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).

Wide-sweeping constitutional rights such as the right to due process will not satisfy the statutory requirement, as the right to due process is not granted in terms of racial equality, but it instead applies to all individuals irrespective of race. *Rachel*, 384 U.S. at 792 (explaining that § 1443 does not apply to "the whole gamut of constitutional rights" and that "broad contentions" involving due process "cannot support a valid claim for removal"); *see also Johnson*, 421 U.S. at 219 (finding that allegations that a criminal prosecution "will violate rights under constitutional or statutory provisions of general applicability ... will not suffice").

---

[1] The guarantee of a fair trial to a criminal defendant arises under the Due Process Clause of the Fourteenth Amendment, *see Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (noting that "the floor established by the Due Process Clause clearly requires a "fair trial in a fair tribunal"); whereas the Eighth Amendment provides: "Excessive bail shall not be required." U.S.CONST. amend. VIII.

2

The statute provides further that a petitioner "must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question." *Conrad v. Robinson*, 871 F.2d 612, 615 (6th Cir. 1989) (citing *Johnson*, 421 U.S. at 219); *see also City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827 (1966) (holding that a removal petitioner must also allege or show that he "is unable to obtain a fair trial in a particular state court").

Nothing in Petitioner's Notice suggests that Petitioner is being denied equal protection based on his race, that he is being subjected to any racial inequities, or that he cannot enforce his "equal civil rights" in the state prosecution. Therefore, the Court concludes that the Removal Notice does not meet the statutory requirements for removal. *Com. of Ky. v. Franklin*, No. 95-5029, 1995 WL 69690570 F.3d 1271 (6th Cir. Nov. 20, 1995) (affirming remand of state criminal prosecution, "as § 1443 is restricted to cases raising an issue of racial discrimination").

Moreover, the Removal Notice does not meet the procedural requirements for removal. Petitioner cites to 28 U.S.C. § 1455, as authority for the notice, but that statute governs the procedure for a proper removal of a state prosecution to federal court. Among other statutory requirements, a removal petitioner must file with the notice "a copy of all process, pleadings, and orders served upon such defendant ... in such action." 28 U.S.C. § 1455(a). A removal petitioner must also file the Removal Notice "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," unless the district court finds good cause shown for the untimely filing. *Id.* § 1455(b)(1).

Petitioner has not met either requirement. He did not file any of his state criminal court documents with his Notice, and he did not file the Notice within the period required.[2] Nor has Petitioner offered any reason as to why he failed to comply with the statutory 30-day provision. Petitioner's failure to satisfy the statutory mandates would be sufficient reason to deny removal of the Sullivan County criminal prosecution, but there is a more compelling reason as to why his state criminal prosecution cannot be removed to this Court.

A federal district court's subject matter jurisdiction is limited by Article III of the United States Constitution to actual "Cases" or "Controversies." U. S. CONST. Art. III, Sec. 2. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–478 (1990)), and may be raised by the Court *sua sponte*. *See O'Shea v. Littleton*, 414 U.S. 488, 506 (1974) (Douglas, J. dissenting) ("The fact that no party has raised th[e 'case or

---

[2] The Court takes judicial notice that Petitioner filed a civil rights action pursuant to 42 U.S.C. §1983 in this division, complaining about his attorney, the trial judge, extradition irregularities, and the denial of a bond reduction—all complaints anchored to his state prosecution in Sullivan County Criminal Case No. S60,552. *See Martin v. Anderson*, No. 2:14-CV-200 (E.D. Tenn. Jan. 26, 2015). The actions and omissions underlying those claims allegedly began in July of 2013 and continued through December of 2013 to Spring of 2014. Clearly, such claims could have arisen only after Petitioner's arraignment. Petitioner filed this Notice of Removal on June 19, 2014 [Doc. 1]. Thus, the Court reasonably can infer from the claims raised in *Martin v. Anderson* that Petitioner's arraignment occurred more than 30 days before he filed this instant Notice of Removal. Another case Petitioner filed in this Court reinforces this inference. Petitioner brought a petition for a writ of mandamus, *Martin v. Tenn.*, No. 2:13-CV-344 (E.D.Tenn January 21, 2015), arguing that he was facing trial in Case No. S60,552 and that his attorney had failed to file various pro se pretrial motions and asking the Court to order the trial court to file and entertain those pro se motions. *Martin v. Tenn.* was filed on November 25, 2013, under the prison "mailbox rule." *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (deeming an action to be filed on the date an inmate delivers it to the prison authorities for mailing); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (finding that a motion to vacate signed under penalty of perjury one day before the lapse of the relevant limitation statute indicated that the motion was delivered to prison mailroom personnel before the filing deadline). Again, such claims as Petitioner offered in his mandamus petition could have arisen only after Petitioner's arraignment.
.

controversy'] issue in this closely contested case is no barrier, of course, to our consideration of it."); *see also Valinski v. Detroit Edison*, 197 F. App'x 403, 405 (6th Cir. 2006) (observing that "[t]he existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself") (quoting *In re Lewis,* 398 F.3d 735, 739 (6th Cir. 2005)).

To satisfy the Court's "continuing obligation" to monitor its subject matter jurisdiction over the Notice of Removal, *see In re Wolverine Radio Co.*, 930 F.2d 1132, 1137 (6th Cir. 1991), the Court takes judicial notice of a prior case Petitioner filed in this Court, *Martin v. Staubus*, No. 2:-14-CV-159 (E.D. Tenn. Mar. 11, 2005). The cited case encompassed a pretrial petition for a writ of habeas corpus under 28 U.S.C. § 2241; the petition involved Petitioner's Sullivan County criminal prosecution; and the Court ultimately dismissed the petition for failure to exhaust state court remedies. On appeal of the dismissal judgment, the Sixth Circuit entered an order on March 11, 2015, denying Petitioner a certificate of appealability and stating as follows:

> The court takes judicial notice of the fact that Martin was acquitted of his state charges on January 27, 2015. To obtain a COA, the prisoner must demonstrate "that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because he is no longer incarcerated, a federal court could no longer grant relief under § 2241, that is, release from custody. His current claim is therefore moot and deserves no encouragement to proceed forward.

*Martin v. Staubus*, 2:14-CV-159 [Doc. 13 at1].

Petitioner's Sullivan County criminal prosecution resulted in an acquittal; he therefore cannot show that he has either suffered an "injury in fact" and that it is likely "that the injury will be redressed by a favorable decision," *Friends Of The Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000) (citation omitted), with respect to that state criminal prosecution. Clearly, the Court has no subject matter jurisdiction over a criminal prosecution that ends in the

5

acquittal of a removal petitioner.  Since, "[d]istrict courts cannot retain jurisdiction over cases in which one or both of the parties plainly lacks a continuing interest," *id.* at 192, the Notice of Removal must be dismissed on this basis.  *See* Fed. R. Civ. P. (h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Accordingly, in view of the above law and analysis, this Notice of Removal will be **DISMISSED.**

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE